UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROL GAYLOR,                              )
an individual,                            )
                                          )
          Plaintiff,                      )
                                          )
vs.                                       )          CASE NO.:
                                          )
US 1 DD, LLC,                             )
a Florida Limited Liability Company,      )
                                          )
          Defendant.                      )
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CAROL GAYLOR, by and through her undersigned counsel, hereby files this Complaint and sues US 1 DD, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3.      Plaintiff, CAROL GAYLOR, (hereinafter referred to as "Mrs. Gaylor") is a resident of the State of Florida in St. John's County.

1

4.      Plaintiff is a qualified individual with a disability under the ADA.  Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5.      Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and generally utilizes a cane for mobility. [1]

6.      Defendant, US 1 DD, LLC, (hereinafter referred to as "Defendant") is a Florida Limited Liability Company, registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: Dunkin Donuts, generally located at 1001 S. Ponce De Leon Blvd, St. Augustine, FL 32084 (the "Property").   Defendant is responsible for complying with the obligations of the ADA.

7.      All events giving rise to this lawsuit occurred in the Middle District of Florida, in St. John's County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.      The Property, a fast-food restaurant which is open to the public, is consequently a place of public accommodation subject to the ADA.

10.      Plaintiff has visited the Property discussed herein several times over the last year, and plans to visit again in the near future.   Plaintiff most recently visited the Defendant's Property earlier this month.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

11.     During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit the Property more often.

12.     Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to the goods and services offered at the Property which is owned, leased, and/or operated by Defendant.

13.     Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which reduced her access:

A.     Plaintiff personally encountered an inaccessible parking space designated for disabled use due to excessive slopes over 1:48 within the space and its access aisle. The nearby curb ramp also protrudes into the access aisle of the parking space causing further excessive slopes. This made it difficult for Plaintiff to utilize the parking space and increased her risk of a fall.

B.     Plaintiff personally encountered an inaccessible entrance into the Dunkin Donuts store at the Property due to a steep slope well in excess of 1:48 leading to the door. This made it more difficult for Plaintiff to safely open the door.

C.     Plaintiff personally encountered an inaccessible sidewalk route from the disabled use parking to the store entrance due to pavement in disrepair and cross slopes in

excess of 1:48. This made it more difficult for Plaintiff to maneuver from the parking lot to the store entrance.

      D.     Plaintiff personally encountered inaccessible outdoor table seating due to fixed non-movable benches which lack knee clearance for disabled use.  This made it difficult and unsafe for Plaintiff to sit at the outdoor tables to enjoy her food.

      E.     Plaintiff personally encountered inaccessible restroom facilities in the store due to the toilet flush handle located on the wall side of the toilet where it cannot be easily reached by a person with a disability.  This made it difficult and unsafe for Plaintiff to use the restroom.

15.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Independent of her intent to return as a patron because she enjoys the food offered at the Dunkin Donuts store and its close proximity to her residence, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

4

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.   That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.   That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C.   That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.   That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.   That this Court awards such other and further relief as it deems necessary, just and proper.

Date: July 15, 2021

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*

5

Louis I. Mussman, Esq.
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)